UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR181 HEA |
| ) | |
| ANTONIO JONES, ) | |
| ) | |
| Defendant. ) | |

## ORDER REVOKING PRETRIAL RELEASE

This matter is before the Court on the motion of the government and the Petition (Doc. # 147) of the Pretrial Services Office for Action on Condition of Defendant's Pretrial Release (the "Petition"). Defendant was charged by indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. § 846, and punishable under 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and one count of criminal forfeiture. On April 10, 2008, Defendant was released on a $50,000 secured bond. Prior to his release, the undersigned reviewed with Defendant each of the conditions of release, orally and in writing, including the condition which requires that "[t]he defendant shall not commit any offense in violation of federal, state or local law while on release in this case," and the conditions that he not possess any firearms and not use or unlawfully possess any "narcotic drug or other controlled substances," unless prescribed by a licensed medical practitioner. Defendant acknowledged that he understood each of the conditions of release and agreed, both orally and in writing, to abide by the conditions of release.

On July 23, 2008, the Petition was filed by the Pretrial Services Office ("PSO"). In the Petition, the PSO alleges that on July 23, 2008, Defendant was arrested for carrying a loaded weapon in an unlocked container, based on facts that involved Defendant's possession of a firearm in the vehicle he was driving. The Petition also recites numerous prior violations by Defendant of his conditions of release since being released on bond, including testing positive for opiates (heroin) on several dates, failing to comply with the drug testing and treatment program, and failing to notify the PSO about an arrest (for pre-release conduct) that occurred on June 10, 2008.

Defendant was arrested on this Court's warrant and had his initial appearance before the undersigned on August 6, 2008, at which time Defendant was advised of his rights, including the right to an attorney, the right to remain silent, and the right to a hearing on the issue of whether the defendant's bond should be revoked.

A hearing on the issue of bond revocation was held on August 8, 2008. Defendant was present and represented by his attorney, Stephen Welby. The government was represented by Assistant United States Attorney Matthew Drake. By agreement of the parties, the matter was submitted to the Court by proffer. Based upon the information provided, the Court finds that there is probable cause to believe that Defendant was unlawfully in possession of a firearm on July 23, 2008, for which conduct state charges have been filed. The Court also finds by clear and convincing evidence that Defendant also violated the conditions that he (i) not possess a firearm; (ii) not use any narcotics or controlled substances except as prescribed by a licensed medical practitioner; (iii)

participate in the drug treatment and drug testing program as directed by the PSO; and (iv) immediately report any contact with law enforcement.

Pursuant to 18 U.S.C. § 3148(b), the court is directed to enter an order of revocation and detention if, following a hearing, the court

> (1) finds that there is –
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release;
>   and
> (2) finds that –
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.

The statute further provides that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

As set forth above, based upon the evidence presented, the undersigned finds that there is probable cause to believe that Defendant committed the felony offense of carrying a loaded weapon in an unlocked container. As such, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court finds that Defendant did not rebut this presumption and further finds, based on the factors set forth in 18 U.S.C. § 3142(g), that there is no such condition or combination of conditions that

will adequately assure the safety of the community. The undersigned also finds by clear and convincing evidence that Defendant violated the other conditions of release set forth in the Petition, and that Defendant is unlikely to abide by any conditions of release.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's bond be revoked, and that Defendant Antonio Jones be committed to the custody of the Attorney General pending trial in this cause, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 11th day of August, 2008.